UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES C. KELLEY,<br><br>                            Plaintiff,<br><br>    v.<br><br>DR. KAREN GEDNEY, *et al.*,<br><br>                          Defendants. | Case No. 3:16-cv-00041-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant John Peery's Motion for Summary Judgment. (ECF Nos. 33,34.) Plaintiff indicated that Peery is not the proper defendant in this action. (ECF No. 35.)

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

Plaintiff was allowed to proceed on Eighth Amendment claims of deliberate indifference to his serious medical needs of an umbilical hernia and hepatitis C. (*See* Screening Order, ECF No. 3.) He alleges that Dr. Karen Gedney refused to allow him to have hernia repair surgery and refused to treat his hepatitis C. (ECF No. 4.) He further claims that NNCC's nursing director denied his grievances that advised of his complaints and the pain he was suffering, and failed to authorize proper treatment. Finally, he avers that the grievance coordinator, Shannon Moyle, improperly responded to his grievances and in any event failed to rectify the situation.

At issue in this motion is whether Plaintiff served the correct nursing director. The complaint lists the defendant as "Dir. of Nursing John Peery" in the caption as well as the list of defendants. (ECF No. 4 at 1, 2.) The body of the complaint describes the defendant as "NNCC's Director of Nursing Jonathan Perry (*id.* at 6), and NNCC's Director of Nursing "Perry", (*id.* at 13).

The screening order refers to John Perry. (ECF No. 3 at 3, 4, 5, 6.)

The Attorney General's Office initially filed a notice of acceptance of service on behalf of Shannon Moyle, noting that Dr. Karen Gedney and John B. Peery were former employees who had not yet requested representation. (ECF No. 13.) Their last known addresses were filed under seal for service. (ECF No. 14.) The court issued summonses for Dr. Gedney and John B. Peery. (ECF Nos 16, 17.) Dr. Gedney was served (ECF No. 18), and the Attorney General's Office indicated it would be representing her (ECF Nos. 18, 20). Peery was subsequently served (ECF No. 29), and notified the court that this was a mistake, as he was no longer working at NNCC when the events described in the complaint allegedly occurred (ECF No. 31). The Attorney General's Office then filed the instant motion for summary judgment on his behalf, arguing that he is not the proper defendant to this action. (ECF Nos. 33, 34.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-

25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

> That being said,
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

John B. Peery has produced evidence that he was served with the summons and complaint in this matter, but that he was the Director of Nursing Services II at NNCC from July 1999 to his retirement in October 2012. (ECF No. 34 at 2.) Jonathan Perry, Director of Nursing Services I served under John B. Peery until his retirement, and thereafter. (*Id*.) The events alleged by Plaintiff in the complaint occurred two and a half years after John B. Peery retired. (*Id*.) He states that his signature did not appear on any document, nor is he the author of the subject grievance responses. (*Id*.)

In response to Peery's motion, Plaintiff filed a request to re-issue the summons and complaint for service on Perry, noting that Peery was mistakenly served. (ECF No. 35.)

Given that it is undisputed that Peery did not participate in the alleged Eighth Amendment violation, summary judgment should be granted in his favor. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted).

It should be noted that the Attorney General's Office has subsequently filed a notice indicating it has accepted service on behalf of Jonathan Perry. (ECF No. 39.)

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** defendant Peery's Motion for Summary Judgment (ECF No. 33).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

/ / /

/ / /

/ / /

/ / /

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 5, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE