1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7                 DISTRICT OF NEVADA

8                        * * *

9  JAMES C. KELLEY,                    Case No. 3:16-cv-00041-MMD-WGC

10                        Plaintiff,     ORDER REGARDING REPORT AND
                                         RECOMMENDATION OF
11     v.                               MAGISTRATE JUDGE
   DR. KAREN GEDNEY, *et. al.,*          WILLIAM G. COBB
12
                          Defendants.
13

14  **I.    SUMMARY**

15         Before the Court is the Report and Recommendation of United States Magistrate

16  Judge William G. Cobb ("R&R") (ECF No. 44), recommending granting Defendants'

17  motion to dismiss/motion for summary judgment ("Motions") (ECF Nos. 23, 24) based on

18  Plaintiff's failure to exhaust his administrative remedies. The Court has reviewed

19  Plaintiff's objection (ECF No. 45) and Defendants' response (ECF No. 46). For the

20  reasons discussed herein, the Court adopts the R&R.

21  **II.   BACKGROUND**

22         After screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to

23  proceed on his Eighth Amendment claim based on his allegations that Defendants have

24  deliberately denied or interfered with him receiving proper treatment of two serious

25  medical conditions—an umbilical hernia and hepatitis C. (ECF No. 11.)

26         As relevant to Defendant's Motion, the facts relating to Plaintiff's grievance filings

27  are not in dispute. Administrative Regulation ("AR") 740 establishes NDOC's grievance

28  process with the various steps—informal level, first level and second level—set out in AR

1    740.05 through 740.07. (ECF No. 23-8 at 5-9.) AR 740.09.2.F provides, in pertinent part,

2    that "[i]t is considered an abuse of the inmate grievance procedure when an inmate files

3    a grievance that . . . contains two more appropriate issues." (*Id.* at 11.) AR 740.09.4

4    provides that the event of such an abuse, "[t]he inmate shall not be given additional time

5    to re-submit the grievance in proper form." (*Id.*) AR 740.05.4.A gives an inmate six

6    months to file a grievance concerning a medical claim. (*Id.* at 6.)

7         On June 9, 2015, Plaintiff submitted grievance number 2006302478 at the

8    informal grievance level where he requested surgery for his hernia and Hepatitis C

9    treatment pill:

10        Around the last week of May 2015 I was seen at NNCC's RMF by RN
          Manalang regarding my medical kite requesting surgical treatment for my
11        hernia and the new hepatitis C pill treatment available to inmates at NNCC.
          RN Manalang ordered a blood test be done for my Hep C, and referred that
12        I see Dr. King (NDOC's surgical contractor medical specialist) for surgical
          treatment for my stomach hernia. Meanwhile, my blood test came back
13        indicating that I have Hep-C. On June 4, 2015 I was seen by Dr. Gedney
          who said I was to die of cigarette related symptoms before I would Hep-C,
14        and basically refused to refer surgery to NNCC's Utilization Review Panel
          or provide the Hep-C treatment pill that would not only prolong my life span
15        but prevent any [ ] Hep-C transfer to other inmates. On June 8, 2015, I was
          scheduled to see Dr. King and when I went to the RMF to see him, I was
16        stopped and informed by RN Mellissa-in front of Dr. King, Dr. Gedney
          cancelled my appointment with Dr. King. I am being denied adequate
17        medical care for my serious medical need of hernia surgery and Hep-C
          treatment that is available to inmates at NNCC, thus my Eighth
18        Amendment right to adequate medical care is being violated by Dr.
          Gedney.
19

20   (ECF No. 23-1 at 2.) He received a response, denying his grievance, as follows:

21        Mr. Kelley, per Medical Directive #219 you do not meet the criteria for
          Hepatitis C treatment at this time. Per the physician['] s notes, your
22        Hepatitis C should be monitored every year, and that no treatment is
          needed at this time. Per physician['] s notes, you have a small umbilical
23        hernia, and surgery at this time would be elective. Elective surgeries are
          not performed by the NDOC.
24

25    (*Id.*) Plaintiff filed a first level grievance dated June 30, 2015, explaining his

26   disagreement. (*Id.*) In response, Plaintiff received a document entitled "Nevada

27   Department of Corrections Memorandum" ("Memo") dated July 7, 2015. (ECF No. 37 at

28   ///

52.) The Memo notified Plaintiff that his "grievance is being returned to [him] for the following reason(s):

> Per AR 740.09 2 F, "It is considered abuse of the inmate grievance procedure when an inmate files a grievance that … contains two or more appropriate issues." Your grievance involves both Hep C treatment and hernia surgery. Please split this into two separate grievances.

 (*Id;* ECF No. 23-1 at 2.) The bottom of the Memo included boilerplate instructions: "You may resubmit your grievance after correcting the above deficiencies. Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment." (ECF No. 37 at 52.) Plaintiff then filed a second level grievance, voicing his disagreement with the Memo. (ECF No. 23-1 at 3; ECF No. 37 at 54-62.) On August 20, 2015, Plaintiff's second level grievance was rejected; and he was again told to "split this into two separate grievances." (ECF No. 23-1 at 3.) Thus, while Plaintiff received a response on the merits to his grievance at the informal grievance level, his first and second level grievance was rejected on procedural ground—the inclusion of two issues in violation of AR 740.09.2.F.

Defendants' Motions seek dismissal of Plaintiff's claim for failure to exhaust administrate remedies. (ECF Nos. 23, 24.) The Magistrate Judge agrees with Defendants and recommends dismissal of Plaintiff's claim with prejudice because the time for him to pursue his administrative remedies has expired. (ECF No. 44 at 18.)

## III.    LEGAL STANDARD

### A.    Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and

///

///

///

3

recommendation] to which objection is made."[1] 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted § 1997e(a) as "requir[ing] proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which "demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

---

[1]Because the R&R addresses a dispositive motion, the Court conducts a *de novo* review, not a review under the "clearly erroneous" standard as Defendants argue. (ECF No. 46 at 2-3.)

An inmate's "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Defendants may meet their burden by "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. Once met, the burden shifts to the inmate to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Defendants, however, retain "the ultimate burden of proof." *Id.*

The Supreme Court recently clarified that the only exception to the PLRA's mandatory exhaustion is that an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016). In *Ross,* the Court elaborated on this sole exception—when administrative remedies are "unavailable." The Court found three kinds of circumstances where administrative remedies are effectively unavailable. *Id.* at 1859. The first is where the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* The second is where "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstances is "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* The Ninth Circuit Court of Appeals recently observed that the three circumstances recognized in *Ross* are not an exhaustive list. *See Andres v. Marshall,* No. 15-56057, __, F.3d ___, 2017 WL 3432609 at *2 (9th Cir. Aug. 8, 2017) (finding that administrative remedies were effectively unavailable where defendants failed to timely process plaintiff's timely filed grievance).

Plaintiff's main arguments raise issues covered under *Ross's* second circumstance. Plaintiff challenges the Magistrate Judge's rejection of his argument that AR 740 is ambiguous. (ECF No. 45 at 12-14.) The Magistrate Judge did find that "there

is some ambiguity in AR 740 concerning how an inmate is to proceed to exhaust administrative remedies when he receives a response to a grievance that deems the grievance to be an abuse of the grievance procedure and the inmate disagrees with that determination." (ECF No. 44 at 18.) However, the Magistrate determined that this ambiguity is not enough to render the process effectively unavailable because Plaintiff was advised how NDOC officials interpret the regulation and how Plaintiff was to proceed—file two separate grievances. (*Id.*) The Magistrate Judge found that such interpretation is consistent with how AR 740 addresses grievance that are found to constitute an abuse of the grievance process. (*Id.*)

The Court agrees with the Magistrate Judge's reasoning. Plaintiff's argument—that AR 740 is ambiguous as to how he should proceed after his grievance was addressed on the merits at the informal level but rejected at the first level as abusing the grievance process—challenges AR 740 as being opaque and difficult to navigate. As the Supreme Court in *Ross* explained, to be "unavailable," the remedy has to be "essentially 'unknowable'—so that no ordinary prisoner can make sense of what it demands." Thus, even accepting Plaintiff's argument that AR 740 is not clear as to how he should proceed after his grievance was rejected at the first level as being procedurally improper, that alone does not necessarily render the procedure unavailable to him. The Supreme Court in *Ross* anticipated this situation and made it clear that "[w]hen an administrative process is susceptible of multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion." *Ross*, 136 S.Ct. at 1859. Plaintiff cannot claim that he erred on the side of exhaustion. Even viewing the evidence in the light most favorable to Plaintiff and accepting his contention that AR 740.09 is ambiguous, he was told each time at the first and second level grievance as to how to correct the procedural defect— separate the grievance into two grievances. (ECF No. 23-1 at 2; ECF No. 37 at 52.) He chose not to do so and thus under *Ross,* Plaintiff cannot claim that the administrative remedies were unavailable to him.

///

1    Plaintiff also contends that because NDOC officials addressed his informal
2    grievance on the merits only to reject his grievance on procedural grounds at the first
3    and second levels, they rendered the grievance process effectively unavailable to him.
4    (ECF No. 45 at 8-11.) The Court disagrees. In *Reyes v. Smith,* 810 F.3 654, 659 (9th Cir.
5    2016), the Ninth Circuit held "that a prisoner exhausts such administrative remedies as
6    are available,' 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a
7    procedural rule if prison officials ignore the procedural problem and render a decision on
8    the merits of the grievance at each available step of the administrative process." In
9    *Reyes,* the inmate plaintiff grieved the reduction of pain medication for his degenerative
10   spine condition. *Id.* at 656. His grievance did not include the names of the physicians
11   who would not approve the pain medication prescriptions originally recommended for
12   plaintiff as required under the prison's administrative rules. *Id.* Despite such procedural
13   defect, prison officials responded on the merits to the plaintiff's grievance at all three
14   levels of the administrative grievance process, explaining the reason for the reduction of
15   plaintiff's pain medication regiment. *Id.* The denial at the final level of the grievance
16   process stated: "This decision exhausts your available administrative remedies." *Id.* The
17   Ninth Circuit found that the inmate exhausted his available remedies even though his
18   grievances failed to comply with administrative rules because officials provided "a
19   decision on the merits at every level of the grievance process." *Id.* at 65. The court
20   reasoned that "when prison officials address the merits of a prisoner's grievance instead
21   of enforcing a procedural bar, the state's interests in administrative exhaustion [that
22   being the chance to address inmate complaints internally first] have been served." *Id.*

23       Unlike the situation in *Reyes*, Plaintiff's grievance was addressed on the merits at
24   only the informal level, but was denied for being procedurally defective at the first and
25   second levels. Thus, while NDOC officials ignored a procedural defect at the informal
26   level, they directed plaintiff to correct the defect at the first and second levels and did not
27   address his grievance on the merits. Plaintiff argues that he did comply with AR 740 by
28   appealing the denial of his grievance at the first and second levels and therefore he

7

"reached the merits of the issues." (ECF No. 45 at 11.) However, the merits of his claim that he was denied Hepatitis C pill and surgery for his hernia was only addressed at the informal level. Moreover, AR 740 does not provide for an appeal of the finding that the grievance "contains more than one appropriate issue." While AR 740 does not specifically identify what an inmate is to do in that situation,[2] NDOC officials' responses to Plaintiff's grievance at the first and second levels did instruct Plaintiff on what to do to correct the procedural defect—separate the grievance into two separate grievances to separately address each issue. (ECF No. 23-1 at 2; ECF No. 37 at 52.) Under these circumstances, the Court cannot find that Plaintiff's grievance was addressed at all levels of the grievance process such that the state's interest in administrative exhaustion has been served.

Plaintiff also argues that NDOC officials improperly screened his grievance at the first and second levels because the directive for him to split up the two issues—Hepatitis C treatment pill and surgery for his hernia—contradicts AR 740.09. In *Sapp v. Kimbrell,* 623 F.3d 813, 823 (9th Cir. 2010), the Ninth Circuit reiterated that an improper screening of an inmate's grievance could render the administrative remedy "effectively unavailable." There, the court reasoned that a prison appropriately screened out an inmate's grievances for procedural problems five times. *Id.* at 826-27. The procedural deficiencies included raising a new issue in a second-level grievance, failing to note a specific remedy, failing to attach a requisite health care form, and untimely appealing a lower-level grievance. *Id.* at 825-26. The inmate also received instructions to raise new issues in a separate grievance, to state specific remedies, and to provide the prison with the appropriate medical form. *Id.* Because each screening was supported by grievance regulations, and because the inmate had received appropriate instructions to fix these procedural problems, the court concluded that the inmate was required to exhaust his remedies. *Id.* at 827.

_____

[2]As noted, the Magistrate Judge found that this created some ambiguity. (ECF No. 44 at 18.)

Similarly here, Plaintiff was given proper instructions on the need to separate his single grievance into two. (ECF No. 37 at 52; ECF No. 23-1 at 2-3.) Plaintiff has not shown that he cannot pursue the necessary sequence of appeals even if his grievance was improperly screened at the first and second levels as containing two separate issues because he was instructed what to do.

Proper exhaustion requires "a grievant [to] use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The Magistrate Judge correctly found that Plaintiff did not use all steps available to him. Accordingly, the Court will adopt the R&R.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motions or Plaintiff's objection to the R&R.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 44) is accepted and adopted in full.

It is further ordered that Defendants' motion to dismiss/motion for summary judgment (ECF Nos. 23, 24) are granted. Plaintiff's claim is dismissed with prejudice.

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 14th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE